**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile:  (914) 206-3656
E-mail:  pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail:  sbogdanovich@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATISHA RICHMOND, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | <u>JURY TRIAL DEMANDED</u> |
| BATH & BODY WORKS, INC., | |
| Defendant. | |

1    Plaintiff Latisha Richmond ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Bath & Body Works, Inc. ("Bath & Body Works" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.    Bath & Body Works operates a "My Bath & Body Works Rewards" Program ("Program") that provides rewards and perks to members. Additionally, members of this Program receive 10 Points ("Points") for every U.S. Dollar they spend at Bath & Body Works. Once a someone becomes a member of the Program, that person does not have to pay for products with U.S. Dollars alone. Instead, members can redeem Points for Rewards, up to $18.95 value. These Points operate like seashells, doubloons, or any other medium of exchange that humans use to barter with each other. Except seashells and doubloons generally don't vanish into thin air. Unfortunately for consumers, Defendant's Points do.

2.    California law prohibits companies like Defendant from selling expiring gift certificates, such as Defendant's Points. According to Cal. Civ. Code § 1745.6(a), "[a] gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary of the gift certificate. The value represented by the gift certificate belongs to the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer." Here, Points constitute value held in trust by Defendant on behalf of the consumer, and therefore meet the definition of a gift certificate under California's gift certificate law.

3.    By design, these Points expire after only twelve (12) months of inactivity. And there is no way for a user to cancel their Program membership without losing the Points they have accumulated. Moreover, rewards earned by the accumulation of Points expire automatically within ninety (90) days if not redeemed.

4.    This expiration period is in violation of Cal. Civ. Code § 1749.5. Specifically, Cal. Civ. Code § 1749.5 forbids the issuance of gift certificates with any expiration period.

5. Plaintiff asserts claims on behalf of herself and similarly situated Program members for violation of California's Unfair Competition Law and California's Consumers Legal Remedies Act.

**PARTIES**

6. Plaintiff Latisha Richmond is an individual and citizen of California residing in Suisun City, California.  Plaintiff signed up for the Program in or around January 2023 and purchased items for Points online which shipped to Plaintiff's home in California and in brick-and-mortar stores located in California.  While participating in the Program, Plaintiff purchased Points that expired before they could be redeemed.  For example, in December 2024, Plaintiff had 279 Points expire that she had previously purchased and which she had not used.

7. Defendant Bath & Body Works, Inc. is a corporation existing under the laws of Delaware with its headquarters in Columbus, Ohio.  Through its online presence and brick-and-mortar locations, Defendant does business throughout California and the United States.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act ("CAFA"), because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California, including in this District, and purposefully avails itself to the benefits of this District by serving customers in this District.  In addition, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

10. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial portion of the events, omissions, and acts giving rise to the claims herein occurred in this District.

**FACTUAL ALLEGATIONS**

**I. DEFENDANT'S POINT PROGRAM**

11. Defendant's Point Program allows consumers to purchase one Point for every $0.10 of spending on eligible purchases.  After earning 1,000 Points, a consumer is able to redeem their

Points for a Reward equal to or under $18.95. Therefore, consumers purchase Points for $0.10 and each Point has a functional value of $.02 (rounded up). *See* Figure 1, below.



**Figure 1**

12. By Defendant's own admission, these Points expire. Defendant's Rewards Terms & Conditions[1] states the following:

- […] Points will expire if there has between no transaction activity associated with your Account for three hundred and sixty-five (365) days.

---

[1] BATH AND BODY WORKS REWARDS TERMS AND CONDITIONS https://www.bathandbodyworks.com/m/rewards-terms-and-conditions.html (Last Accessed September 15, 2025).

- Rewards are valid for ninety (90) days from the date issued […] Expired Rewards will not be replaced.

## II.  EACH OF DEFENDANT'S POINTS ARE GIFT CERTIFICATES WITH UNLAWFUL EXPIRATION DATES UNDER STATE LAW

13. Defendant's Points meet the definition of a "gift certificate" under California Law, Cal. Civ. Code § 1749.5.  According to Cal. Civ. Code § 1745.6(a), "[a] gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary of the gift certificate.  The value represented by the gift certificate belongs to the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer."  Here, the Points constitute value held in trust by Defendant on behalf of the consumer, and therefore meet the definition of a gift certificate under California's gift certificate law.  Additionally, customers acquire the Points by paying "money or other thing of value … in exchange for the [Points]."  Cal. Civ. Code § 1749.5(d)(1).

14. Plaintiff and other consumers who purchased Points have been harmed by Defendant's failure to ensure that its Points comply with gift certificate law.  Plaintiff and class members have each purchased Points that expired.  They did not receive a full refund of the purchase price for each expired Point, and they did not receive any goods or services in exchange for the expired Points.

## III.  PLAINTIFF'S EXPERIENCE

15. Plaintiff received Points which expired.  For example, on December 4, 2024, Latisha lost 279 Points due to expiration.  *See* Figure 2, next page.

**Figure 2**

## CLASS ALLEGATIONS

16. Plaintiff brings this matter on behalf of herself, and all similarly situated in the following Class:

> ***California Class.*** All natural persons in California whose Points expired at the conclusion of their membership, after twelve (12) months of inactivity, or after ninety (90) days.

17. Excluded from the Class is: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent have a controlling interest and its current or former employees, officers, and directors; and (3) Plaintiff's counsel and Defendant's counsel.

18.     **Numerosity.**  Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of people whose Points expired and who have been injured by Defendant's conduct.  While the exact number of members of each Class is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery from records maintained by Defendant and its agents.

19.     **Commonality and Predominance**.  The questions of law and fact common to the Class, which predominate over any questions that may affect individual class members include, but are not limited to:

(a)     Whether Defendant sold and issued Points subject to expiration dates;

(b)     Whether Defendant's imposition of expiration dates on Points violates federal law;

(c)     Whether Defendant engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on Points and other onerous terms and conditions;

(d)     Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief;

(e)     Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages;

(f)     Whether Defendant gained a commercial benefit or some other advantage by imposing expiration dates on Points;

(g)     Whether Defendant was unjustly enriched as a result of its conduct;

(h)     Whether Defendant violated the Credit Card Accountability Responsibility and Disclosure Act and the Electronic Funds Transfer Act; and

(i)     Whether Plaintiff and members of the Class sustained monetary loss and are entitled to an award of monetary damages.

20.     **Typicality.**  The claims of the named Plaintiff are typical of the claims of the members of the Class because the named Plaintiff, like other members of the Class, purchased Points which expired in violation of State law.

21.     **Adequate Representation.**  Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action.  Neither

Plaintiff, nor her counsel, have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff is able to fairly and adequately represent the interest of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this complaint to include additional Class Representatives to represent the Class or additional claims as may be appropriate.

22. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system, resulting in multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with California's consumer protection laws.

**COUNT I**
**Violations of the California Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 et seq.**
**(On Behalf of Plaintiff and Class)**

23. Plaintiff incorporates by reference all of the foregoing paragraphs.

24. California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." The UCL allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Cal. Bus. & Prof. Code § 17204. Such a person may bring an action on behalf of herself or himself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

25. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210 by engaging in unlawful, unfair, and fraudulent conduct. Specifically, Defendant violated the UCL's proscription against engaging in **unlawful business practices** by violating the California Civil Code § 1749.5.

26. Defendant's acts and omissions as alleged herein violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

27. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

28. Defendant's acts, omissions, nondisclosures, and misleading statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public.

29. Plaintiff and the members of the Class have suffered a substantial injury in fact and lost money by virtue of Defendant's acts of unfair competition, which caused them to purchase Points that expired. But for Defendant's violations of the laws, Plaintiff would have had access to Points she paid for. Thus, Plaintiff and members of the Class were damaged and have suffered economic injuries as a direct and proximate result of Defendant's unlawful and/or unfair business practices.

30. Defendant's violations have continuing and adverse effects because Defendant's unlawful conduct is continuing, with no indication that Defendant intends to cease this unlawful course of conduct. The public and the Class are subject to ongoing harm because the unlawful and/or unfair business practices associated with Defendant's Points expiration policy are still used by Defendant today.

31. Plaintiff and the Class seek restitution pursuant to Cal. Bus. Prof. Code § 17203 of all consideration that Defendant collected in connection with expired Points during the four years preceding the filing of this Complaint. Defendant should be required to disgorge all the profits and

gains they have reaped and restore such profits and gains to Plaintiff and the Class, from whom they were unlawfully taken.

32. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and members of the Class seek a court order enjoining Defendant from such future misconduct, and any other such orders that may be necessary to rectify the unlawful business practices of Defendant.

33. Plaintiff brings this action as a private attorneys general and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Proc. § 1021.5 for bringing this action.

34. Plaintiff has no adequate remedy at law for this claim. There is no commensurate legal remedy for Plaintiff's requested relief under this count. Alternatively, legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); see also *U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future"). Furthermore:

(a) To the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages.

(b) Damages and restitution are not necessarily the same amount. Unlike damages, restitution is not limited to the amount of money Defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks such relief here.

(c) Legal claims for damages are not equally certain as restitution because claims under the UCL and unjust enrichment entail few elements.

35. Plaintiff also lacks an adequate remedy at law because California's Gift Certificate Law does not provide a private right of action. *Sandler v. iStockphoto LP*, 2016 WL 871626, at *1 (C.D. Cal. Feb. 5, 2016); accord *Cody v. SoulCycle Inc.*, 2016 WL 4771392, at *9, n.8 (C.D. Cal. Jan. 11, 2016).

36. Plaintiff also lacks an adequate remedy at law to prevent future harm.

**COUNT II**
**Violations of the Consumer Legal Remedies Act (CLRA)**
**Cal. Civ. Code 1750 et seq.**
**(On Behalf of Plaintiff and Class)**

37. Plaintiff incorporates by reference all of the foregoing paragraphs.

38. Plaintiff and Class Members are "consumers," as the term is defined by California Civil Code § 1761(d).

39. Plaintiff, Class Members, and Defendant have engaged in "transactions" as that term is defined by California Civil Code § 1761(e).

40. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

41. As alleged more fully above, Defendant has violated the CLRA by selling Points with expiration dates that violate state and federal laws.

42. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(14) and (a)(19).

43. Specifically, Defendant has engaged in deceptive practices by representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law, because the Points expire.

44. Defendant has also, through their policy of expiring Points, inserted an unconscionable provision in their contract with consumers.

45. Defendant's policy of expiring Points was likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that this policy was illegal and unconscionable.

46. In failing to conspicuously disclose that Points expire, Defendant intended to induce reliance, and Plaintiff reasonably relied on this omission when purchasing Points. Defendant's misrepresentation was a substantial factor in Plaintiff's purchase decision.

47. Class-wide reliance can be inferred because Defendant's misrepresentation was material in that consumers would not have purchased Points if it was conspicuously disclosed that these Points expired in violation of state and federal laws.

48. Defendant's misrepresentations were a substantial factor and proximate cause in damages and losses to Plaintiff and Class Members.

49. Plaintiff and Class Members were injured as a direct and proximate result of Defendant's conduct because (1) they would not have purchased Points had they known they expire in violation of state and federal laws, (2) they overpaid for Points that they could not use, and (3) they received Points that were worthless for their intended purpose.

50. The CLRA expressly provides for injunctive relief, and also contains provisions denoting its public purpose. A claim for injunctive relief under the CLRA is brought by a plaintiff acting in the capacity of a private attorney general.

51. Absent injunctive and public injunctive relief prohibiting Defendant from engaging in the unlawful conduct detailed above, Plaintiff and other class members, and the general public will be exposed to Defendant's conduct violative of the CLRA.

52. Accordingly, Plaintiff, on behalf of herself and all other members of the Class, seeks to enjoin the unlawful acts and practices described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, request the following relief against Defendant:

(a) Certification of this action as a class action under Federal Rules of Civil Procedure 23, appointing Plaintiff as class representative and Bursor & Fisher, P.A. as class counsel;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign;

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

(i) Any and all other relief as equity and justice requires.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 9, 2025                **BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*

Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

**BURSOR & FISHER, P.A.**
Julian C. Diamond (*pro hac vice forthcoming*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: jdiamond@bursor.com

*Attorneys for Plaintiff*