HOLLAND & KNIGHT LLP
Ashley L. Shively (SBN 264912)
560 Mission Street, 19th Floor
San Francisco, CA 94105
Telephone: (415) 743-6900
Facsimile:  (415) 743-6910
E-mail:   ashley.shively@hklaw.com

Zachary J. Watson (SBN 348019)
4675 MacArthur Court, Suite 900
Newport Beach, California 92660
Telephone:  (949) 517-1451
Facsimile:  (949) 833-8540
E-mail:   zachary.watson@hklaw.com

Attorneys for Defendant,
**BATH & BODY WORKS, INC.**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATISHA RICHMOND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BATH & BODY WORKS, INC.,<br><br>Defendant. | Case No. 2:25-cv-02931-DJC-CKD<br><br>**DEFENDANT BATH & BODY WORKS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF NO. 1)**<br><br>[*Filed concurrently with Memorandum of Points and Authorities; and Motion to Transfer*]<br><br>Hearing<br>Date:         April 16, 2026<br>Time:         1:30 p.m.<br>Courtroom:  Courtroom 7, 14th Floor<br>                    501 I Street<br>                    Sacramento, CA 95815<br><br>Complaint Filed: October 9, 2025<br>Trial Date:           None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 16, 2026, at 1:30 p.m. or as soon as thereafter as counsel may be heard in Courtroom 7 of the above-entitled court, located at Robert T. Matsui United States Courthouse, 501 I St., Sacramento, CA 95815, 14th Floor, defendant Bath & Body Works, Inc. will, and hereby does, move the Court for an order dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the records in this case, the arguments of counsel for Defendant at the hearing in support of the Motion, and such other pleadings and evidence received in support of the Motion as may be presented at or before the hearing on the Motion.

Pursuant to the Court's Standing Order in Civil Cases, on January 21, 2026, counsel for Defendant and counsel for Plaintiff met and conferred to discuss the substance of Defendant's Motion to Dismiss. Counsel raised all of the issues raised by this Motion to Dismiss. Counsel for Plaintiff indicated that, despite the substantive issues raised by Defendant, Plaintiff is unwilling to voluntarily dismiss this action. Counsel for Defendant certifies that all meet-and-confer efforts have been exhausted.

Defendant respectfully requests that the Court grant the Motion and such other and further relief as the Court deems just and proper

Date:  January 26, 2026

HOLLAND & KNIGHT LLP

By: _____

Ashley L. Shively
Zachary J. Watson

Attorneys for Defendant
BATH & BODY WORKS, INC.

#515644391_v6

ii

DEFENDANT'S MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 2

III. LEGAL STANDARD ........................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 4

    A. Plaintiff' Fails to State a Claim Because the Points Are Not "Gift Certificates" Under California Civil Code § 1749.5 .................................... 4

        1. Section 1749.5 Regulates Only "Gift Certificates" That Are Sold to a Purchaser and Contain an Expiration Date or Dormancy Service Fee. .................................................................................. 5

        2. Under the ordinary meaning of "gift certificate," loyalty proofs and promotional credits such as Plaintiff's Points are not "gift certificates." ........................................................................... 7

        3. Even If Points Were "Gift Certificates," § 1749.5(d)(1) Expressly Exempts Awards, Loyalty, and Promotional Programs ................... 7

    B. Plaintiff's CLRA Claims Fail for Additional Reasons ................................. 8

        1. Section 1770(a)(14) of the CLRA Is Inapplicable to the Program or Points ............................................................................... 8

        2. The Program Is Not Unconscionable and Therefore Does Not Violate Section 1770(a)(19) of the CLRA .......................................... 9

    C. Plaintiff Lacks Statutory Standing to Assert a UCL Claim ........................ 10

V. CONCLUSION ................................................................................................................... 11

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 3

*Belton v. Comcast Cable Holdings, LLC*,
  151 Cal. App. 4th 1224, 60 Cal. Rptr. 3d 631 (2007) .................................................. 9

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ................................................................................... 4

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................. 4

*In re Google Assistant Privacy Litig.*,
  546 F. Supp. 3d 945 (N.D. Cal. 2021) ....................................................................... 2

*Hudson Gill et al. v. Chipotle Mexican Grill, Inc.*,
  No. 8:24-CV-01672-FWS-JDE, 2025 WL 3469264 (C.D. Cal., Dec. 1, 2025) ........................................................................................................... 1, 6, 7

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
  499 F. 3d 1048 (9th Cir. 2007) ................................................................................... 4

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................................................... 4

*Kilgore v. KevBank, Nat'l Ass'n*,
  718 F.3d 1052 (9th Cir. 2013) ................................................................................... 9

*Mason v. Sullivan*,
  266 F. App'x 609 (9th Cir. 2008) ............................................................................... 3

*Poublon v. C.H. Robinson Co.*,
  846 F.3d 1251 (9th Cir. 2017) ................................................................................... 9

*Renn v. Otay Lakes Brewery, LLC*,
  No. 23CV1139-GPC(BLM), 2023 WL 6050582 (S.D. Cal. Sept. 14, 2023) ............. 10

*Reynolds v. Philip Morris USA, Inc.*,
  332 F. App'x 397 (9th Cir. 2009) ...................................................................... 1, 5, 7

*Rothman v. Equinox Holdings, Inc.*,
  No. 220CV09760CASMRWX, 2021 WL 124682 (C.D. Cal. Jan. 13, 2021) ............. 5

*Schulz v. Neovi Data Corp.*,
 152 Cal. App. 4th 86 (2007) .................................................................................... 10

*Stenbock v. Hartford Fire Ins. Co.*,
 217 F.3d 846 (9th Cir. 2000) ..................................................................................... 3

*Waul v. Cir. City Stores, Inc.*,
 No. A101414, 2004 WL 1535825 (Cal. Ct. App. July 9, 2004) ................................. 5

**Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................................ 4

Cal. Bus. & Prof. Code § 17200 et seq. ............................................................................ 4

Cal. Bus. & Prof. Code § 17204 ...................................................................................... 10

Cal. Civ. Code § 1749.5 ................................................................................................ 1, 3

Cal. Civ. Code § 1749.5(a) ................................................................................................ 5

Cal. Civ. Code § 1749.5(a)(1) ........................................................................................... 7

Cal. Civ. Code § 1749.5(d)(1) ........................................................................................... 8

Cal. Civ. Code § 1770(a)(14) ........................................................................................ 4, 8

Cal. Civ. Code § 1770(a)(19) ........................................................................................ 4, 9

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 3

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's claims are premised on the flawed legal theory that customer loyalty points constitute "gift certificates" under California Civil Code section 1749.5 ("Section 1749.5"). But loyalty points that are awarded for purchasing products are not gift certificates, not under any ordinary understanding of that term and not under any applicable legal precedent. Contrary to Plaintiff's allegations, that a person may redeem points in exchange for a reward item does not transmute such points into a gift certificate, a failed alchemy Plaintiff's counsel attempted just last year.

In *Hudson Gill et al. v. Chipotle Mexican Grill, Inc.* (C.D. Cal., Dec. 1, 2025, No. 8:24-CV-01672-FWS-JDE), Plaintiff's counsel tried to convince Judge Slaughter in the Central District that the points Chipotle awarded its customers as part of a loyalty program were gift certificates. *Chipotle*, 2025 WL 3469264, at *6-8 (dismissing with prejudice claims premised on the theory that loyalty points are gift certificates and subject to Cal. Civ. Code § 1749.5). This latest attempt to repackage those allegations against Bath & Body Works, Inc. ("Bath & Body Works") fare no better.

Here, Plaintiff bases her claims for violation of California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA") on the same theory—and strikingly similar facts—that Plaintiff's counsel unsuccessfully advanced in *Chipotle*. Both claims are predicated on the alleged violation of Section 1749.5. (*See* ECF No. 1 at ¶¶ 25, 41.) Both claims fail for multiple reasons, including because to be regulated under Section 1749.5, the company must "sell" the gift certificate. Bath & Body Works does not sell loyalty points; it sells bath and body products. Customers that voluntarily sign up for the "My Bath & Body Works Rewards" Program (the "Program") accumulate points ("Points") based on their purchases. Like the rewards points in *Chipotle*, the Points here are not gift certificates subject to regulation under Section 1749.5.

Moreover, relevant case law establishes that promotional rewards, such as the Points, are not gift certificates. *See e.g., Reynolds v. Philip Morris USA, Inc.*, 332 F. App'x

397, 398–99 (9th Cir. 2009). Even if the Points were regulated under Section 1749.5 as gift certificates, the statute excepts loyalty programs, provided the program operator meets certain criteria that Bath & Body Works does here.

Finally, Plaintiff's CLRA claims, alleging violations of California Civil Code sections 1770(a)(14) and (19) also fail. Subsection (a)(14) requires a transaction, which is not present here because Bath & Body Works does not sell the Points. And subsection (a)(19) fails because the Program terms are not unconscionable.[1] The Program is optional and free to Bath & Body Works customers and adequately discloses the Program terms to which customers agree in signing up for the Program.

In sum, because Plaintiff's claims are based on this fatally flawed theory, and because the Complaint otherwise fails to state a plausible claim for relief, Defendant Bath & Body Works respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

## II.  FACTUAL BACKGROUND

Defendant, a retailer of bath and body products, offers a free loyalty Program to its customers named "My Bath & Body Works Rewards." (ECF No. 1 ¶ 1.) Members of the Program receive Points for every ten cents ($0.10) spent on eligible purchases. (ECF No. 1 ¶ 1.) After accumulating 1,000 Points, a Program member may redeem those points for a "Reward," which is a free product valued up to $18.95. (ECF No. 1 ¶¶ 1, 11.)

According to the Program's terms and conditions ("Terms"), as alleged in the Complaint, Points expire if a member's account has no transaction activity for 365 days, and earned Rewards expire within 90 days if not redeemed. (ECF No. 1 ¶¶ 3, 12.)

---

[1] Because Plaintiff relies on the Terms in her Complaint, the Court may consider the Terms in deciding this Motion without converting the Motion to a motion for summary judgment. *See In re Google Assistant Privacy Litig.*, 546 F. Supp. 3d 945, 956 (N.D. Cal. 2021) (incorporation-by-reference doctrine "permits a court to consider a document if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim" as "though they are part of the complaint itself" (internal quotations omitted).)

1	Plaintiff Latisha Richmond alleges she joined the Program around January 2023. (ECF No. 1 ¶ 6.) Plaintiff also alleges that on December 4, 2024, 279 of her Points expired. (ECF No. 1 ¶¶ 6, 15.)

Plaintiff's Complaint asserts claims for violations of California's Unfair Competition Law and Consumers Legal Remedies Act. (ECF No. 1 ¶¶ 5, 25, 41.) Both claims are predicated on the central theory that the Program's Points are "gift certificates" and that the expiration of Points violates California's statute regulating gift certificates, Civil Code § 1749.5. (ECF No. 1 ¶¶ 2, 4, 13.)

### III.  LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint may be dismissed for failure to state a claim 'based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Mason v. Sullivan*, 266 F. App'x 609, 610 (9th Cir. 2008) (citation omitted). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Stenbock v. Hartford Fire Ins. Co.*, 217 F.3d 846 (9th Cir. 2000). However, if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. Leave to amend should be given where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by

1  virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371

2  U.S. 178, 182 (1962); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

3  2003). Dismissal without leave to amend is proper if it is clear that "the complaint could not

4  be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F. 3d 1048,

5  1056 (9th Cir. 2007) (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)).

**IV.   ARGUMENT**
    **A.   Plaintiff' Fails to State a Claim Because the Points Are Not "Gift Certificates" Under California Civil Code § 1749.5**

Plaintiff fails to state a plausible claim for relief under either California's UCL (Cal. Bus. & Prof. Code § 17200 et seq.) or CLRA.

The UCL prohibits "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability[.]" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Here, Plaintiff bases her claim on the unlawful prong, incorrectly alleging that the Points expire in violation of Section 1749.5.

Plaintiff's CLRA claim is also premised on the same flawed legal theory. Specifically, Plaintiff erroneously asserts that because the Points expire, the Program violates California Civil Code sections 1770(a)(14) and (a)(19).  Subsection (a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." Cal. Civ. Code § 1770(a)(14). While Subsection (a)(19) prohibits "the insertion of unconscionable provisions in a contract." Cal. Civ. Code § 1770(a)(19).

As will be addressed immediately below, Plaintiff bases both her claims on the false premise that the Points constitute gift certificates that would subject them to regulation under Section 1749.5 and therefore Plaintiff has not plausibly stated a claim under the UCL or CLRA.

/ /

/ /

/ /

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

### 1. Section 1749.5 Regulates Only "Gift Certificates" That Are Sold to a Purchaser and Contain an Expiration Date or Dormancy Service Fee.

California's gift certificate statute does not apply to Bath & Body Works's Rewards Program. California Civil Code section 1749.5 provides: "It is unlawful for any person or entity to sell a gift certificate to a purchaser that contains any of the following: (1) An expiration date. (2) A service fee, including, but not limited to, a service fee for dormancy, except as provided in subdivision (e)." Cal. Civ. Code § 1749.5(a). According to its plain language, the statute applies only where a "purchaser" buys a "gift certificate" that a person or entity "sell[s]." The statute therefore is inapplicable where, as here, the redeemable Points are incidental benefits earned as part of a loyalty program. *See Waul v. Cir. City Stores, Inc.*, No. A101414, 2004 WL 1535825, at *3, *8 (Cal. Ct. App. July 9, 2004) ("merchandise cards" given as a "bonus" for making a "qualifying purchase" are not gift certificates under the statute because the cards were "not purchased or obtained as gifts"); *cf. Rothman v. Equinox Holdings, Inc.*, No. 220CV09760CASMRWX, 2021 WL 124682, at *7 (C.D. Cal. Jan. 13, 2021) (determining membership credit qualified as a gift certificate under the statue because, *inter alia*, "plaintiff's credit was not issued as a gratuity, but rather was purchased for value with his unused membership dues"). The statute therefore does not encompass the Points Bath & Body Works awards its Program members their purchases.

The inapplicability of the statute is particularly apparent here because Bath & Body Works does not "sell" the Points about which Plaintiff complains. Rather, Program Points accrue incident to qualified purchases from Bath & Body Works. (*See* ECF No. 1 ¶ 1) ("[M]embers of this Program receive 10 Points ("Points") for every U.S. Dollar they spend at Bath & Body Works.") Section 1749.5 is inapplicable here because the Points are not sold or purchased and therefore are not gift certificates. *See Reynolds v. Philip Morris USA, Inc.,* 332 F. App'x 397, 398 (9th Cir. 2009) (holding Section 1749.5 did not encompass "promotional program" because "not typically given as gifts, are not certificates, and state no cash value").

Moreover, in a strikingly similar case brought by Plaintiff's counsel in the Central District, Judge Slaughter recently rejected the same theory Plaintiff advances here. In *Hudson Gill et al. v. Chipotle Mexican Grill, Inc.*, No. 8:24-CV-01672-FWS-JDE, 2025 WL 3469264 (C.D. Cal., Dec. 1, 2025), plaintiffs asserted that "'Chipotle violates California and New York law by issuing Rewards Points that expire after 180 days.'" *Chipotle*, 2025 WL 3469264, at *1 (quoting plaintiffs' operative complaint). As here, the reward points at issue in *Chipotle* were not sold but awarded incident to customer purchases. *Chipotle*, 2025 WL 3469264, at *7 (court finding "Plaintiffs did not purchase the rewards points for value, but rather received them incidentally with other purchases"). Judge Slaughter concluded: "In summary, the court has thoroughly analyzed the caselaw on this issue, and, […] concludes that Plaintiffs have not plausibly alleged that Chipotle's rewards points are 'gift certificates' under the California Gift Certificate Law." *Chipotle*, 2025 WL 3469264, at *8 (dismissing with prejudice plaintiffs' claims predicated on any alleged violation of Section 1749.5).

Here, as in *Chipotle*, where the plaintiffs alleged that customers purchased 10 Chipotle rewards points for every $1 spent at the store, the Plaintiff similarly describes the Points awarded by Bath & Body Works as somehow purchased. Specifically, Plaintiff alleges that "Defendant's Point Program allows consumers to purchase one Point for every $0.10 of spending on eligible purchase" (ECF No. 1 ¶ 11.) Despite Plaintiff's misleading characterization that a Rewards Program member "purchase[s] Points for $.10" by buying products from Bath & Body Works (*id*.), the allegation itself demonstrates that Points are awarded for free based on the customer's "spending on eligible purchases." *Id.* The Rewards Program member is buying Bath & Body Works products, not Points, and Plaintiff should not be permitted to avoid dismissal based on such linguistic contortion. Indeed, the court in *Chipotle* has already rejected such argument. *See Chipotle*, 2025 WL 3469264, at *6 n.3 ("The court is not persuaded by Plaintiffs' arguments that rewards points are consistent with this [gift certificate] statutory language because 'the Rewards Points were exchanged for consideration' and 'are *tethered to a transaction.*'" (emphasis in original)).

6
DEFENDANT'S MOTION TO DISMISS

The *Chipotle* Court explained that further support for its conclusion can be "found in the Gift Certificate Law itself, which prohibits '**sell[ing]** a gift certificate' with an expiration date, Cal. Civ. Code § 1749.5(a)(1)—Chipotle's reward points are simply not sold." *Chipotle*, 2025 WL 3469264, at *11 (emphasis in original).

The Points are not gift certificates under Section 1749.5 because Bath & Body Works does not "sell" Points and Rewards Program members do not "purchase" the Points. And, because all Plaintiff's claims predicated on the incorrect theory that Points constitute gift certificates under Section 1749.5, the Complaint should be dismissed.

### 2. Under the ordinary meaning of "gift certificate," loyalty proofs and promotional credits such as Plaintiff's Points are not "gift certificates."

Bath & Body Works's Points are not gift certificates under Ninth Circuit precedent. In construing Section 1749.5, the Ninth Circuit held that "Marlboro Miles" were "not a 'gift certificate' as the term would ordinarily be understood" because they were proofs of purchase "just like a cereal box top or an Ovaltine label," "are not typically given as gifts," "are not certificates," and "state no cash value." *Reynolds v. Philip Morris USA, Inc.*, 332 F. App'x 397, 398–99 (9th Cir. 2009). The same indicia present in *Reynolds* exist here.

As noted above, Defendant's Points are earned incident to product purchases, are not sold as stand-alone certificates, and do not state a cash value. That Bath & Body Works customers may voluntarily join the Program for free in order to accrue the Points (versus such points appearing on the product itself as in *Reynolds*) does not alter the outcome. Bath & Body Works Program members purchase goods for the same price as non-Program customers and accumulate Points on each purchase, just as the customers in *Reynolds* did. In short, whether analyzed under ordinary language or binding precedent, the Points are not gift certificates and Plaintiff's complaint should be dismissed.

### 3. Even If Points Were "Gift Certificates," § 1749.5(d)(1) Expressly Exempts Awards, Loyalty, and Promotional Programs

Section 1749.5 contains a specific exception for loyalty-program instruments, such as the Points, that are distributed without separate consideration. Specifically, the statute does not apply to "Gift certificates that are distributed by the issuer to a consumer pursuant

7
DEFENDANT'S MOTION TO DISMISS

to an awards, loyalty, or promotional program without any money or other thing of value being given in exchange for the gift certificate by the consumer." Civ. Code § 1749.5(d)(1). This exception applies where the expiration date is printed in at least 10-point font on the front gift certificate. *Id*. Although the expiration date cannot appear on the Points themselves, in part because they are not certificates, the Program Terms, which are in at least 10-point font, state that Points expire if there is no transaction activity for 365 days. (ECF No. 1 ¶ 12) (citing to Bath & Body Works Rewards Terms available at https://www.bathandbodyworks.com/m/rewards-terms-and-conditions.html.). Thus, Section 1749.5 would not apply even if the Points were gift certificates, which, including for the reasons stated above, they are not.

## B. Plaintiff's CLRA Claims Fail for Additional Reasons

### 1. Section 1770(a)(14) of the CLRA Is Inapplicable to the Program or Points

Subsection (a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." Cal. Civ. Code § 1770(a)(14). As is clear from the statute, a "transaction" is essential to a plead a subsection (a)(14) CLRA claim.

Plaintiff cannot plausibly plead that a transaction exchanging money for Points occurred. Bath & Body Works does not sell Points and Plaintiff never expressly makes such an allegation. Instead, Plaintiff's misleading characterization that she "purchased points" by buying items from Bath & Body Works (*see e.g.,* ECF No. 1 at ¶ 6) is belied by her other allegations. (*See e.g.,* ECF No. 1 ¶ 1) (customers "receive 10 Points ("Points") for every U.S. Dollar they spend at Bath & Body Works"); *id*. ¶ 11 ("After ***earning*** 1,000 Points, a consumer is able to redeem their Points for a Reward equal to or under $18.95") (emphasis added). In other words, Plaintiff's own allegations demonstrate that Program members "earn" and "receive" Points on every dollar spent at Bath & Body Works. Plaintiff herself earned Points by purchasing items, items for which she paid the same price as and received the same quality item as non-Program members.  Because Plaintiff was never

charged for (and Plaintiff never paid for) Points, there is no transaction here that could substantiate Plaintiff's CLRA claim under California Civil Code, section 1770(a)(14).

### 2. The Program Is Not Unconscionable and Therefore Does Not Violate Section 1770(a)(19) of the CLRA

Subsection (a)(19) prohibits "the insertion of unconscionable provisions in a contract." Cal. Civ. Code § 1770(a)(19). In California, to establish a contract term is unconscionable, the plaintiff must show that the provision was both procedurally and substantively unconscionable. *See e.g.*, *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1245, 60 Cal. Rptr. 3d 631, 649 (2007) (citation omitted). "'The procedural element of unconscionability focuses on two factors: oppression and surprise." *Id.* (citation omitted). Substantive unconscionability requires terms that are so one sided as to "shock the conscience." *Id.* at 1246; *see also Kilgore v. KevBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013).

Here, Plaintiff fails to plausibly allege facts to support a violation of the CLRA section 1770(a)(19). Plaintiff's bare assertion that Bath & Body Works "through [its] policy of expiring Points, inserted an unconscionable provision in their contract with consumers" is insufficient. (ECF No. 1 ¶ 44.) First, the Complaint does not—because it cannot—address how the Terms of the Program could be procedurally unconscionable. The Program is optional and free to Bath & Body Works customers. There can be no "oppression" where, as here, customers are free to purchase items at the same price whether joining the Program or not. And Plaintiff cannot reasonably contend she was "surprised" by the Terms of the Program.  Bath & Body Works readily discloses that the Points expire upon certain conditions. (ECF No. 1 ¶ 12 & n.1). Second, the Complaint also fails to plausibly allege facts that the Terms are substantively unconscionability. That the Points expire is not overly harsh as to amount to substantive unconscionability, including because Points expiration is reasonable and because no statute bars the expiration of loyalty points. *See e.g.*, *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir.

2017) (finding a provision requiring confidentiality was not unreasonable or prejudicial and therefore was not unconscionable).

In sum, the Complaint fails to state facts sufficient to support a CLRA claim under either subsection (a)(14) or (a)(19) and should be dismissed with prejudice.

**C. Plaintiff Lacks Statutory Standing to Assert a UCL Claim**

Whether a plaintiff has stated a basis for statutory standing is tested under Rule 12(b)(6) rather than Rule 12(b)(1). *Renn v. Otay Lakes Brewery, LLC*, No. 23CV1139-GPC(BLM), 2023 WL 6050582, at *2 (S.D. Cal. Sept. 14, 2023). California's Unfair Competition Law ("UCL") requires a plaintiff to establish statutory standing by pleading facts that plausibly show she has lost money or property as a result of unfair competition. See Cal. Bus. & Prof. Code § 17204; *Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 91 (2007) ("a party other than a public prosecutor to file or maintain an action only if the party 'has suffered injury in fact and has lost money or property as a result of such unfair competition'"). Plaintiff has not suffered injury in fact or lost money or property as a result of unfair competition and therefore does not have statutory standing to bring her claim. Instead, Plaintiff stood to benefit from earning free products at no cost to her for participating in a voluntary Rewards Program.

Plaintiff earned the 279 Points at issue by purchasing $27.90 in eligible products—products she received and about which Plaintiff makes no complaint. 279 Points are too few to be redeemed for a Reward, which requires 1,000 Points (ECF No. 1 ¶11), and pursuant to the Terms, "Rewards have no cash value." (ECF No. 1 ¶ 12 n.1[2])  When Plaintiff's Points expired, she did not lose money or property and accordingly lacks standing to bring her UCL claim.

/ /

/ /

/ /

---

[2] Plaintiff cites to the Terms available at https://www.bathandbodyworks.com/m/rewards-terms-and-conditions.html (Last Accessed September 15, 2025).

10

DEFENDANT'S MOTION TO DISMISS

## V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's claims are fatally flawed and cannot be cured. Accordingly, Defendant respectfully requests that the Court grant the Motion.

Date:  January 26, 2025        HOLLAND & KNIGHT LLP

By: _____

Ashley L. Shively
Zachary J. Watson

*Attorneys for Defendant*
BATH & BODY WORKS, INC.

## CERTIFICATE OF SERVICE
*Latisha Richmond v. Bath & Bodyworks, Inc.*
**USDC, EDCA, Case No. 2:25-cv-02931-DJC-CKD**

I am a citizen of the United States and employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 4675 MacArthur Court, Suite 900, Newport Beach, California 92660.

On January 26, 2026, I served the document(s) described as **DEFENDANT BATH & BODY WORKS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF NO. 1)**

on the interested parties in this action, as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY ELECTRONIC MAIL)** I personally transmitted to the person(s) named in the below service list, who has/have previously consented in writing to receive documents via electronic mail to the e-mail address(es) shown on the service list, delivered on the date listed above, originating from an electronic e-mail address affiliated with Holland & Knight LLP, which did not report any error in sending the transmission.

☒ **(BY CM/ECF NOTICE OF ELECTRONIC FILING)** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 26, 2026, Newport Beach, California.

Conrad Smith

**CERTIFICATE OF SERVICE**
*Latisha Richmond v. Bath & Bodyworks, Inc.*
**USDC, EDCA, Case No. 2:25-cv-02931-DJC-CKD**

| | |
|---|---|
| Philip L. Fraietta<br>BURSOR & FISHER, P.A.<br>50 Main Street, Suite 475<br>White Plains, NY 10606<br>Tel: (914) 874-0710<br>Fax: (914) 206-3656<br>Email: pfraietta@bursor.com | *Counsel for Plaintiff*<br>**LATISHA RICHMOND** |
| Stefan Bogdanovich<br>BURSOR & FISHER, P.A.<br>1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596<br>Tel: (925) 300-4455<br>Fax: (925) 407-2700<br>Email: sbogdanovich@bursor.com | *Counsel for Plaintiff*<br>**LATISHA RICHMOND** |